RECEIVED
USDC CLERK, CHARLESTON, SC

2007 MAR 14  A 6: 43

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John H. Gambrell, #200600933, ) | C. A. No. 2:06-1779-CMC-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Joey Preston, County ) | |
| Administrator; David Crenshaw,) | |
| Director, ACDC; Arlette Jones,) | |
| Lieutenant ACDC; Nurse Donald ) | |
| Hampton, Head Nurse ACDC, ) | |
| ) | |
| Defendants. ) | |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) by a pre-trial detainee proceeding _pro se_ and _in forma pauperis_ is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

The plaintiff, John H. Gambrell, sued Joey Preston, the Anderson County Administrator, Anderson County Sheriff David

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

Crenshaw, Lieutenant Arlette Jones, and Head Nurse Donald Hampton on July 21, 2006, and alleged that he was not provided constitutionally guaranteed medical care for a spider bite he suffered in May 2006 while he was a pre-trial detainee at the Anderson County Detention Center (ACDC). Gambrell seeks "Medical attention for myself and all of those thereafter. Appointment and access to a private physician for treatment. Prevent the Detention Center from denying me medical attention and supply and medications needed, and in a timely manner, Prescribed by a physician."

The defendants filed a motion for summary judgment and exerpts of the plaintiff's deposition on November 16, 2006. On November 17, 2006, Gambrell was provided a copy of the motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On January 16, 2007, Gambrell wrote a letter to the undersigned asking that the defendants' motion be denied. He filed no affidavits or other evidence. The letter was forwarded to the Clerk as an opposition to the summary judgment motion. The Defendants filed a reply on January 24, 2007. Hence it appears consideration of the motion is appropriate.

**SUMMARY JUDGMENT STANDARD**

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter

judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. Fed.R.Civ.P. 56(c). To avoid summary judgment on defendants' motion, a plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, Id. at 255, 106 S.Ct. at 2513-14.

## EXHAUSTION OF REMEDIES

The defendants asserted in their answer and argued by brief that the complaint should be dismissed for failure to exhaust administrative remedies. Their assertion is incorrect.

The PLRA requires that a prisoner[2] exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides in pertinent part as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

In Anderson v. XYZ Correctional Health Services, Inc., the Fourth Circuit Court of Appeals held that failure to exhaust administrative remedies is an affirmative defense to be pled and proven by the defendant. 407 F.3d 674 (4th Cir. 2005). The defendants take the position that Gambrell admits that he filed numerous grievances but that no appeals were taken from the grievances. However the defendants did not put in evidence of non-exhaustion but rely solely on Gambrell's representations in

---

[2] A "prisoner", is defined to mean, "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]" § 1997e(h). Thus, exhaustion of administrative remedies is also required of pretrial detainees such as the plaintiff here.

his complaint. The defendants cannot prevail on this record.

Gambrell asserted in his sworn complaint that his numerous grievances have gone unanswered. Defendants have offered no evidence otherwise. As such, Gambrell has exhausted all *available* remedies. See, Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004)(following the lead of the ...other circuits that have considered the issue, we conclude that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance), cert. denied, 125 S.Ct. 1639 (2005); Jernigan v. Stuchell, 304 F.3d 1030, 1032, (10th Cir. 2002)(agree[ing with other circuits] that the failure to respond to a grievance renders an administrative remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002)(stating that prison's failure timely to respond renders administrative remedies unavailable); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001)(holding that defendants failed to prove non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998)(holding that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired"), cert. denied, 526 U.S. 1133 (1999).

## MOOTNESS

Generally, an actual controversy must exist at all stages of review, not merely at time complaint is filed. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. See, <u>Steffel v. Thompson</u>, 415 U.S. 452, 460 n.10 (1974). However, inmate may avoid mootness dismissal by showing that his injury is "capable of repetition, yet evading review." <u>Spencer v. Kemna</u>, 523 U.S. 1, 17 (1998) (doctrine applies only in exceptional circumstances); <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975) (per curiam) (holding that "capable of repetition" means "there [i]s a reasonable expectation that the same complaining party would he subjected to the same action again"); <u>Washington v. Harper</u>, 494 U.S. 210, 218-19 (1990) (reasonable expectation that inmate would again be forcibly medicated); <u>Vitek v. Jones</u>, 445 U.S. 480, 486-87 (1980) (reasonable expectation that inmate released from mental institution would again be transferred there); <u>Buie v. Jones</u>, 717 F.2d 925, 927 (4th Cir. 1983) (no reasonable expectation that inmate released will again be incarcerated).

**FACTS**

In the instant case, Plaintiff admitted in his deposition on September 28, 2006, that after he was bitten he was examined by members of the medical staff multiple times, was given several prescription medications for the bite, and told to apply hot compresses to the site. Nonetheless, he believes that Dr. Hellams, who is not named as a defendant, should have sent him to

an outside hospital to lance the wound because Gambrell did not "believe they had the right amount of equipment." (Pl. dep. pg. 21). The only residual left as of September 28, 2006, from the spider bite was a scar, which he characterized as "a little discoloration". (Pl. dep. pg. 28). He stated that he looked at it every morning and "I'm telling myself it's going away..." Further, he can do everything he could do prior to the bite. Id.

Again, Gambrell's prayer in its entirety is that he seeks "Medical attention for myself and all of those thereafter[3]. Appointment and access to a private physician for treatment. Prevent the Detention Center from denying me medical attention and supply and medications needed, and in a timely manner, Prescribed by a physician."

## DISCUSSION

This action should be dismissed as moot. Gambrell seeks medical treatment for a problem which has resolved and there is no indication in the record that he needs or, indeed, would even benefit from further medical[4] treatment. This action does not rise to the level of a constitutional tort; the plaintiff himself characterized his treatment solely as negligent and negligence is

---

[3] Plaintiff has no standing to seek relief for "all of those thereafter" since the relief sought must likely redress a personal injury. Allen v. Wright, 468 U.S. 737, 751 (1984).

[4] In fact, in his deposition he indicated that what he wanted was some cocoa butter to put on his face but that he was told cocoa butter was not medically necessary. (Pl. dep. pg 26, 27).

not actionable in a § 1983 suit. <u>Daniels v. Williams</u>, 474 U.S. 327, 340-341 (1986).

In sum, the action is moot and Gambrell, as the party opposing summary judgment, has failed to point to facts evidencing a genuine material issue for trial. Fed.R.Civ.P. 56(c); <u>see also</u>, <u>Anderson v. Liberty Lobby. Inc.</u>, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986). Summary judgment should be granted.

Lastly, § 804 of the PLRA, amended § 1915(g), and reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The instant action is wholly meritless and should be considered frivolous and malicious within the meaning of the Prison Litigation Reform Act and counted as a "strike" against Gambrell thereunder. 28 U.S.C. § 1915A.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the action be dismissed as moot. In the alternative, the defendants' motions for summary judgment should be granted. Further, the action be deemed a "strike" against Gambrell under 28 U.S.C. § 1915A.

Respectfully Submitted,

*Robert S Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March 13, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).