IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John H. Gambrell, ) | C.A. No. 2:06-1779-CMC-RSC |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Joey Preston, County Administrator, ) | |
| David Crenshaw, Director, ACDC, ) | |
| Arlette Jones, Lieutenant ACDC, ) | |
| Nurse Donald Hampton, ) | |
| Head Nurse ACDC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment. Plaintiff responded to the motion on January 16, 2007.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Rule 73.02 (B)(2)(b) and (e), DSC, this matter was referred to United States Magistrate Judge Robert S .Carr for pre-trial proceedings and a Report and Recommendation. On March 14, 2007, the Magistrate Judge issued a Report recommending Defendant's Motion for Summary Judgment be granted. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiff filed objections to the Report on March 16, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which

a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections, the court adopts the Magistrate Judge's Report and Recommendation that Defendant's motion for summary judgment be granted and does so for the reasons stated therein. The court declines to adopt the Report and Recommendation only to the extent it recommends that the complaint be treated as a strike pursuant to 28 U.S.C. § 1915.

**ALLEGATIONS OF COMPLAINT**

As noted by the Magistrate Judge, Plaintiff described his action as one for "medical negligence/spider bite" in his Complaint and Statement of Assets. Dkt No. 1 at II.B.; Dkt No.2 at Inquiry 2. His primary complaint is that he was "denied access to Anderson Area Medical Center" and was not seen by the doctor for several weeks after he received the bite. Dkt No. 1 at 3. These requests were made through Nurse Hampton. *Id.*

Addressing the steps he has taken to seek relief short of filing suit, Plaintiff states that he "Complained to Nurses Langston/Fletcher." He further alleges that the result of his injury was "that the bite was infected, nothing else." Dkt No. 1 at II.B. Later in his complaint, he states that he wrote a grievance to Dr. Hellams and Nurse Hampton, neither of whom replied.

Plaintiff's demand for relief seeks:

1) Appointment and access to a private physician for treatment.

2) Prevent the Detention Center from denying me medical attention and supply any medications needed, and in a timely manner. Prescribed by a physician.

**DEPOSITION**

In his deposition, Plaintiff testified that he reported the bite "to the nurse, Head Nurse Hampton, right after I noticed . . . the spot on my face."  Plaintiff depos. at 17.  Although he complained that it took three to four weeks for him to be seen by the doctor, he conceded that he saw Dr. Hellams on May 8, 2006 and that Dr. Hellams prescribed both a pain medication and antibiotics. *Id*. at 11 & 17-18 (also conceding that Dr. Hellams advised Plaintiff to apply warm compresses). According to Plaintiff, Dr. Hellams was to see him again to lance the area after the medications were used up but he failed to see Plaintiff at that time, leading Plaintiff to "bust it with [his] hand," a process that was very painful.  Plaintiff saw Dr. Hellams again on July 6, 2006, but for a different reason.  *Id.* at 19 & 23.  The present suit was instituted in the interim, in mid-June 2006.  *Id.* at 24 (indicating suit filed June 13, 2006); Dkt No. 1 (reflecting filing date of June 14, 2006 for papers signed June 9, 2006)

At the time he was initially seen by Dr. Hellams, Plaintiff asked to be sent to the area medical center because he did not feel the Detention Center facility "had the right stuff to lance it where it wouldn't leave a bad scar."  Plaintiff depos. at 20.  The doctor declined, stating he could do it there.  As noted above, the doctor allegedly failed to see him again when Plaintiff understood he would (when the medicine ran out).  Plaintiff depos at 20-21.  Plaintiff, at that point, took treatment on himself.  *Id.* at 21-22.

After his first appointment, and apparently around the time Plaintiff undertook self-treatment (but presumably before he signed the suit papers on June 9, 2006), Plaintiff asked various nurses including Fletcher, Hampton, and Langston, to get him in to see the doctor.  *Id.* at 22.  The nurses did not get him in to see the doctor.  Nurses Langston and Hampton instead advised him that the

3

doctor was busy and could not see him. Both apparently did so in a rude manner. *Id.* Plaintiff, nonetheless, conceded that he did receive treatment from the nurse. *Id.* at 27 (noting that nurse Fletcher "brought me down and squeezed it where the abscess was").

As of the time of his deposition, September 28, 2006, the only lingering difficulty Plaintiff suffered from his spider bite was some discoloration at the site of the bite. *Id.* at 27-28.

**MONETARY DEMAND**

On or about November 22, 2007, Plaintiff advised the Magistrate Judge by letter that he had demanded monetary damages to settle his action, apparently during his deposition, and had asked that the information be conveyed to the court. Plaintiff repeated this assertion in his response to Defendants' motion for summary judgment.

**RECOMMENDATION AND OBJECTIONS**

The Magistrate Judge recommended that the action be dismissed for mootness because the medical difficulties had resolved and there was no monetary demand in the complaint. He also recommended that the motion for summary judgment be granted because the allegations were merely of medical negligence and did not rise to the level necessary to support a constitutional claim for deliberate indifference to a serious medical need. Plaintiff objects to both recommendations.

**DISCUSSION**

**Mootness.** The complaint, as written, seeks only equitable relief. Although Plaintiff asserts that he has made demands for payment of a monetary amount to resolve the action, he has not directly sought to amend his complaint to add such a demand. For reasons set forth below, such a motion would be denied as futile because the action cannot survive on its merits.

**Medical Negligence.** As the Magistrate Judge noted, Plaintiffs claims are, at most, claims

4

for medical negligence. His factual allegations, as confirmed by his deposition testimony, fall far short of what is required to maintain a claim for deliberate indifference to a serious medical need. In this regard, the court notes that Plaintiff saw Dr. Hellums on two occasions, saw the nurses on other occasions during the relevant time frame, and suffered no long term or serious consequences.

**Defendants.** In addition, the only Defendant alleged to have any direct involvement in the allegations at issue is Nurse Hampton. There is no basis for any constitutional claim against any other Defendant. All Defendants other than Nurse Hampton are granted summary judgment for this additional reason.

## CONCLUSION

For the reasons set forth above, the action is dismissed based on a finding that Plaintiff's claims are moot. To the extent any submission may be deemed a motion to amend to seek monetary damages, that motion is denied as futile. In the alternative, the court grants Defendants' motion for summary judgment for the reasons set forth above. The court declines to find the allegations so frivolous as to support a strike.

**IT IS SO ORDERED**.

                                                 s/ Cameron McGowan Currie
                                                 CAMERON MCGOWAN CURRIE
                                                 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 19, 2007

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\06-1779 Gambrell v. Preston - adopt R&R- grant SJ.wpd